```
                                    ✓ FILED          ___ LODGED
                                    ___ RECEIVED     ___ COPY

                                          APR 12 2022

                                    CLERK U S DISTRICT COURT
                                      DISTRICT OF ARIZONA
                                    BY_____ DEPUTY
```

1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona

3  ADDISON SANTOME
   Assistant United States Attorney
4  Arizona State Bar No. 031263
   Two Renaissance Square
5  40 N. Central Ave., Suite 1800
   Phoenix, Arizona 85004
6  Telephone: 602-514-7500
   Email: addison.santome@usdoj.gov
7  Attorneys for Plaintiff

**REDACTED FOR PUBLIC DISCLOSURE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-22-00318-PHX-DGC (ESW) |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO: 18 U.S.C. § 371<br>(Conspiracy)<br>Count 1 |
| 1. Omar Molina-Galeana,<br>    a.k.a. "PINGOmar"<br>    (Count 1) | 18 U.S.C. § 924(a)(1)(A)<br>(False Statement During Purchase of a Firearm)<br>Counts 2-9 |
| 2. Ernesto Javier Lizarraga,<br>    (Counts 1 – 17)<br>Defendants. | 18 U.S.C. §§ 922(a)(6) and 924(a)(2)<br>(False Statement in Connection with the Acquisition of a Firearm)<br>Counts 10-17 |
| | 18 U.S.C. §§ 924(d) and 981,<br>21 U.S.C. §§ 853 and 881; and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

## COUNT 1

Between on or about November 3, 2021 and December 14, 2021, in the District of Arizona and elsewhere, Defendants OMAR MOLINA-GALEANA and ERNESTO JAVIER LIZARRAGA did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit

offenses against the United States, that is: (a) to knowingly make false statements or representations to a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, pertaining to information that the law requires the licensed dealer to keep, in violation of Title 18, United States Code, Section 924(a)(1)(A); and (b) in connection with the acquisition of a firearm from a dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, to knowingly make a false and fictitious written statement to the dealer of firearms, which statement was intended and likely to deceive the dealer of firearms as to a fact material to the lawfulness of such sale, in that the purchaser of the firearm stated that he/she was the actual transferee/buyer of the firearm when in fact he/she was acquiring the firearm on behalf of another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**Purpose of the Conspiracy**

The purpose of this conspiracy was to obtain firearms from a licensed dealer of firearms by means of knowing false statements and representations that concealed the identity of the true purchaser of the firearm(s) from the records the dealer was required to maintain.

**The Means and Methods of the Conspiracy**

The means and methods employed by Defendants OMAR MOLINA-GALEANA and ERNESTO JAVIER LIZARRAGA to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that Defendant ERNESTO JAVIER LIZARRAGA would purchase firearms in the District of Arizona with the intention to provide them to Defendant OMAR MOLINA-GALEANA.

It was a further part of the conspiracy that Defendant ERNESTO JAVIER LIZARRAGA would make false statements and representations on the ATF Form 4473 regarding the actual purchaser/buyer of each of the firearms.

It was a further part of the conspiracy that Defendant ERNESTO JAVIER LIZARRAGA would make false statements and representations on the ATF Form 4473

regarding his true address.

It was a further part of the conspiracy that Defendant OMAR MOLINA-GALEANA would provide directions to Defendant ERNESTO JAVIER LIZARRAGA as to which firearms to purchase.

It was further part of the conspiracy that Defendant ERNESTO JAVIER LIZARRAGA, who purchased the firearm(s), would be compensated monetarily for his actions by Defendant OMAR MOLINA-GALEANA upon delivery of the firearm(s).

It was a further part of the conspiracy that all of the acts of acquiring, obtaining, selling, purchasing, and transporting the firearms involved in the conspiracy were undertaken by all of the co-conspirators with the knowledge and intent that the firearms involved in the conspiracy would be provided to Defendant OMAR MOLINA-GALEANA.

**Overt Acts**

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

Between on or about November 3, 2021 and December 14, 2021, Defendant OMAR MOLINA-GALEANA knowingly induced and procured Defendant ERNESTO JAVIER LIZARRAGA to make false statements and representations to a business located in the District of Arizona and licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of that business. On eight (8) separate occasions during the procurement of a total of eight (8) firearms, Defendant ERNESTO JAVIER LIZARRAGA completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

At Defendant OMAR MOLINA-GALEANA's direction, Defendant ERNESTO JAVIER LIZARRAGA provided all firearms to Defendant OMAR MOLINA-GALEANA.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 - 9

On or about the dates listed below, in the District of Arizona, Defendant ERNESTO JAVIER LIZARRAGA knowingly made false statements and representations to the businesses listed below, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ERNESTO JAVIER LIZARRAGA did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below, stating that Defendant ERNESTO JAVIER LIZARRAGA resided at an address in Somerton, Arizona, whereas in truth and fact, Defendant ERNESTO JAVIER LIZARRAGA knew that he resided at a different address:

| Count | Date | Location |
|---|---|---|
| 2 | 11/3/2021 | Jones & Jones (Somerton) |
| 3 | 11/9/2021 | Jones & Jones (Somerton) |
| 4 | 11/24/2021 | Jones & Jones (Somerton) |
| 5 | 11/30/2021 | Jones & Jones (Somerton) |
| 6 | 12/4/2021 | Jones & Jones (Somerton) |
| 7 | 12/6/2021 | Jones & Jones (Somerton) |
| 8 | 12/11/2021 | Jones & Jones (Somerton) |
| 9 | 12/14/2021 | Jones & Jones (Somerton) |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNTS 10-17

On or about the dates listed below, in the District of Arizona, Defendant ERNESTO JAVIER LIZARRAGA knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter

44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ERNESTO JAVIER LIZARRAGA did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA:

| Count | Date | Location |
| --- | --- | --- |
| 10 | 11/3/2021 | Jones & Jones (Somerton) |
| 11 | 11/9/2021 | Jones & Jones (Somerton) |
| 12 | 11/24/2021 | Jones & Jones (Somerton) |
| 13 | 11/30/2021 | Jones & Jones (Somerton) |
| 14 | 12/4/2021 | Jones & Jones (Somerton) |
| 15 | 12/6/2021 | Jones & Jones (Somerton) |
| 16 | 12/11/2021 | Jones & Jones (Somerton) |
| 17 | 12/14/2021 | Jones & Jones (Somerton) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 17 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1 through 17 of this Indictment, the Defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the Defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the Defendants are liable, including, but

not limited to, the following property involved and used in the offense:

    (1) One Inter Arms, Sporter 7.62x39 Rifle, Serial Number PAC1163571.

If any forfeitable property, as a result of any act or omission of the Defendants:

    (1) cannot be located upon the exercise of due diligence,

    (2) has been transferred or sold to, or deposited with, a third party,

    (3) has been placed beyond the jurisdiction of the court,

    (4) has been substantially diminished in value, or

    (5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said Defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

s/
FOREPERSON OF THE GRAND JURY
Date: April 12, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

s/
ADDISON SANTOME
Assistant U.S. Attorney